1
2
3
4
5
6
7
8

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 9  DAWN MORIN, an individual,           ) | CV **F 07-1061 AWI NEW (TAG)** |
| 10             Plaintiff,               ) | |
|                                         ) | **ORDER GRANTING** |
| 11    v.                                ) | **DEFENDANTS' MOTION TO** |
|                                         ) | **DISMISS** |
| 12                                      ) | |
| 13  **JAMES SCOTT BLEVINS, Trustee of** ) | Doc. # 14 |
|     **the Giles Revocable Trust, dated** ) | |
|     **January 18, 2002,**               ) | |
| 14                                      ) | |
|                Defendant.               ) | |
| 15 _____ ) | |

16
17
18
19
20
21
22
23
24
25
26
27
28

This is an action for declaratory and injunctive relief by plaintiff Dawn Morin
("Plaintiff") against defendant James Scott Blevins ("Defendant"), trustee of the Giles Revocable
Trust dated January 18, 2002, (the "Trust").  The action asks this court to determine if Plaintiff's
suit for an accounting of the Trust would violate the no-contest clause contained in the Trust, and
if not, to order the accounting.  In the instant motion, Defendant seeks to dismiss the complaint
on the ground the court lacks jurisdiction to function as a probate court.  For the reasons that
follow, dismissal is required in this case.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

The complaint in this case was filed on July 24, 2007, and has two parts.  The first part is
a petition for declaratory relief that requests the court declare that the no-contest provision of the
Trust is not violated where a beneficiary seeks an accounting of the trust.  The second part, which

is attached as an exhibit to the first part,  is a proposed "Complaint to Compel Accounting."
Both parts of the complaint set forth the following facts.

The Trust was created on January 18, 2002, by Charles L. Giles and Bobette Gilles
("Trustors") as a revocable "living trust" under California law.  Plaintiff is a beneficiary of the
trust who resides in Arizona.  Defendant is a California resident who became the sole trustee of
the Trust upon the death of the last of the Trustors, Bobette Giles.  Plaintiff alleges that
Defendant has represented to Plaintiff that her share of the distribution of the Trust proceeds is an
amount that is at least $75,000 less than what Plaintiff believes the distribution would be if the
proceeds of the Trust were valuated properly and distributed according to the Trust's terms.

Plaintiff alleges that she has repeatedly requested an accounting of the trust from
Defendant and that no accounting has been forthcoming since the death of Charles Giles, which
was about three years ago.  Plaintiff alleges the refusal to provide an accounting is in violation of
Cal. Prob. Code, sections 16060, and 16061.  Plaintiff alleges she has received $30,000.00 from
the trust incident to the death of Charles Giles, but has received no distribution incident to the
death of Bobette Giles, who died about 20 months after Charles Giles; that is, on December 31,
2004.

Plaintiff alleges the Trust contains a no-contest provision, which provides that anyone
who challenges in court any provision of the Trust shall forfeit any portion of the trust to which
they would otherwise have been entitled.  The declaratory relief part of the complaint requests
that the court declare that Plaintiff's request for an accounting of the Trust is not a challenge to
any part of the Trust within the meaning of the no-contest provision.  The Complaint to Compel
Accounting requests that the court order an accounting and, if necessary, appointment a receiver
or temporary trustee to administer the Trust in accordance with applicable law.

**LEGAL STANDARD**

Rule 12(b)(1) of the Federal Rules of Civil Procedure allows a motion to dismiss for lack
of subject matter jurisdiction.  It is a fundamental precept that federal courts are courts of limited

2

1  jurisdiction.  Limits upon federal jurisdiction must not be disregarded or evaded.  <u>Owen</u>

2  <u>Equipment & Erection Co. v. Kroger</u>, 437 U.S. 365, 374 (1978).  The plaintiff has the burden to

3  establish that subject matter jurisdiction is proper.  <u>Kokkonen v. Guardian Life Ins. Co.</u>, 511 U.S.

4  375, 377 (1994).  This burden, at the pleading stage, must be met by pleading sufficient

5  allegations to show a proper basis for the court to assert subject matter jurisdiction over the

6  action.  <u>McNutt v. General Motors Acceptance Corp.</u>, 298 U.S. 178, 189 (1936); Fed. R. Civ. P.

7  8(a)(1).  When a defendant challenges jurisdiction "facially," all material allegations in the

8  complaint are assumed true, and the question for the court is whether the lack of federal

9  jurisdiction appears from the face of the pleading itself.  <u>Thornhill Publishing Co. v. General</u>

10 <u>Telephone Electronics</u>, 594 F.2d 730, 733 (9th Cir. 1979);  <u>Mortensen v. First Fed. Sav. & Loan</u>

11 <u>Ass'n</u>, 549 F. 2d 884, 891 (3d Cir.1977); <u>Cervantez v. Sullivan</u>, 719 F. Supp. 899, 903 (E.D.

12 Cal.1989), <u>rev'd on other grounds</u>, 963 F. 2d 229 (9th Cir.1992).

13                                    **DISCUSSION**

14         "[A] federal court has no jurisdiction to probate a will or administer an estate, the reason

15 being that the equity jurisdiction conferred by the Judiciary Act of 1789, 1 Stat. 73, and § 24(1)

16 of the judicial code, which is that of the English Court of the Chancery in 1789, did not extend to

17 probate matters. [Citations].  But it has been established by a long series of decisions of this court

18 that federal courts of equity have jurisdiction to entertain suits 'in favor of creditors, legatees and

19 heris' and other claimants against a decedent's estate 'to establish their claims' so long as the

20 federal court does not interfere with the probate proceedings or assume general jurisdiction of the

21 probate or control of the property in the custody of the state court."  <u>Markham v. Allen</u>, 326 U.S.

22 490, 494 (1046).

23         The court is unaware of any Ninth Circuit case that interprets <u>Markham</u> to determine the

24 extent of the "probate exception" to federal jurisdiction.  In <u>Moser v. Pollin</u>, 294 F.3d 335 (2nd

25 Cir. 2002), the Second Circuit Court of Appeals derived a two-part test to "determine whether a

26 particular lawsuit implicates 'probate matters' such that the probate exception to federal diversity

27

28                                          3

jurisdiction applies." Id. at 340.  If either prong is satisfied then federal diversity jurisdiction is lacking.  Id. at 340.  The first prong asks whether the federal court, sitting in diversity, is being asked to directly probate a will or administer an estate.  The answer to this question will be "no" in a vast majority of cases.  Id. at 340.  If the court is not being asked to directly probate a will or administer an estate, the court must next resolve the second prong by asking "whether entertaining the action would cause the federal district court to interfere with the probate proceedings or assume general jurisdiction of the probate or assume control of property in the custody of the state court."  Id. (quoting Markham, 326 U.S. at 494).  If any one of these three inquiries leads to a true finding then the implication arises that the action is "probate-related" and the probate exception to federal diversity jurisdiction applies and the district court is without jurisdiction.  Moser 294 F.3d at 340-341.

In Marshall v. Marshall, 547 U.S. 293 (2006), the Supreme Court undertook clarification of the extent of the probate exception because the ambiguity implicit in Markham's holding that a district court can not "interfere with the probate proceeding" produced "apparent confusion among federal courts concerning the scope of the probate exception."  Marshall, 547 U.S. at 304 (italics added).  The Marshall Court concluded:

> [T]he probate exception reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate; it also precludes federal courts from endeavoring to dispose of property that is in the custody of a state probate court.  But it does not bar federal courts from adjudicating matters outside those confines and otherwise within federal jurisdiction.

Id. at 311-312.

In this case, Plaintiff has requested two remedies.  The first is that the court interpret the no-contest clause in the Trust and declare that Plaintiff's proposed subsequent complaint for an accounting does not constitute a challenge to the Trust within the meaning of the no-contest clause.  In the event the court rules that Plaintiff's motion for an accounting does not trigger the no-contest clause, Plaintiff requests the court order an accounting.  Pursuant to the foregoing discussion, the first question the court must answer is whether Plaintiff's requested relief requires

the court to administer an estate.

Plaintiff contends her complaint seeks "judicial assistance in 'matters outside the confines' of probate and estate administration." Doc. # 20 at 5:7-8.  The court disagrees. California Probate Code section 17220 enumerates the powers allocated to superior courts functioning as probate courts.  Among the powers listed are the power to "[d]etermine questions of construction of a trust instrument," subdivision (b)(1), "determine the validity of a trust provision," subdivision (b)(3), and "settle[ ] the accounts and pass[ ] on the acts of the trustee, including the exercise of discretionary powers."  Subdivision (b)(5).  Construction of trust instruments and the power to compel an accounting lie at the heart of the probate court's jurisdiction over the administration of trusts and constitute a portion of the core of the court's authority to administer trusts.  It is precisely these powers Plaintiff asks this court to envoke.  The judicial assistance Plaintiff seeks lies squarely within the confines of estate administration, so far as the court can determine.

 Plaintiff cites <u>Blacker v. Thatcher</u>, 145 F.2d 225 (9 Cir. 1944) for the proposition that federal courts have "jurisdiction to hear cases concerning validity or construction of a will, or the enforcement of a decree admitting the will to probate; and where a court has not yet determined the distributees of an estate, a federal court may exercise jurisdiction in favor of citizens of other states to determine and award their shares in the estate."  Doc. # 20 at 5:12-16 (citing <u>Blacker</u>, 145 F.2d at 258).  Plaintiff essentially argues that, since there has been no determination of the distributees of the Trust, <u>Blacker</u> supports this court's jurisdiction over the distribution insofar as Plaintiff's share is concerned.  The court finds Plaintiffs reliance on <u>Blacker</u> problematic.

<u>Blacker</u> predates the Supreme Court's decision in <u>Markham</u> and the court is not convinced at this point that <u>Blacker's</u> broad allocation of jurisdiction to federal courts to construct testamentary documents and determine estate distribution can stand in light of <u>Markham</u>.  In particular, the court notes that the Supreme Court in <u>Markham</u> based its holding that a federal court may not  "probate a will or administer an estate" on consideration of the

5

1   jurisdiction conferred by the Judiciary Act of 1789, not on considerations of comity which are the

2   foundation of the prohibition against interference with the probate court.  See Markham, 326

3   U.S. at 494.  This distinction between the federal court's lack of jurisdiction to administer an

4   estate and the prohibition against interference is not contravened in the above-quoted language

5   from Marshall.  In Moser, the Second Circuit Court of Appeals explicitly recognized the

6   categorical nature of the federal court's lack of jurisdiction to administer an estate.  See Moser,

7   294 F.3d at 340 (administration of an estate is "'purely probate' in nature and [is] considered to

8   be categorically outside the jurisdiction of the federal courts").

9       The court need not resolve the issue of interference with the probate court – an issue this

10   court would be hard pressed to decide in any event because the parties do not offer facts to

11   establish that a state court probate proceeding is, or is not, underway – because the court must

12   answer the first prong of the test in Moser affirmatively.  Plaintiff's complaint asks this court to

13   decide issues that are central to the administration of a trust and that have been specifically

14   committed to the jurisdiction of the probate court.  In essence, Plaintiff's complaint asks this

15   court to function as a probate court for purposes of administration of the Trust.  This court

16   therefore lacks jurisdiction to address Plaintiff's complaint.

17

18       THEREFORE, it is hereby ordered that Defendant's motion to dismiss for lack of subject

19   matter jurisdiction is GRANTED.  Plaintiff's complaint is hereby DISMISSED in its entirety.

20

21   IT IS SO ORDERED.

22   **Dated:    December 21, 2007            _____/s/ Anthony W. Ishii_____**
                                             UNITED STATES DISTRICT JUDGE
23

24

25

26

27

28                                      6